**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

Bruce Wood,               )
     Plaintiff,          )
                         )
        v.               )        C.A. No.  N14C-04-264 ALR
                         )
Brian Collison, Department of  )
Correction,             )
     Defendants.      )

Submitted:  September 8, 2014
Decided:  September 18, 2014

*Upon Plaintiff's Motion for Appointment of Counsel*
**DENIED**

*Upon Plaintiff's Request for Enlargement of Time to Amend His Complaint*
**DENIED**

Plaintiff Bruce Wood filed a complaint against the Department of Correction and Corrections Officer Brian Collison.  By Order dated July 22, 2014, the Court denied Plaintiff's Motion for an Emergency Injunction.  By Order dated August 13, 2014, the Court granted Defendant's Motion to Amend the Complaint. But the Court ordered that Plaintiff must file his amended complaint within twenty days. The case is scheduled for trial on March 2, 2015.  Plaintiff has not filed an amended complaint.  Rather, Plaintiff instead has filed a Motion to Enlarge Time for Filing Amended Complaint and a Motion for Appointment of Counsel. The State opposes Plaintiff's motions.

1. Self-represented litigants in civil proceedings have no legal or equitable right to appointed counsel.[1] Moreover, when the Court applies the analysis set forth by the Third Circuit Court of Appeals for appointment of counsel, the Court finds that appointment of counsel is neither necessary nor appropriate, as follows: (i) plaintiff has demonstrated the ability to present his own case; (ii) plaintiff is in the nest position to develop the facts on his own behalf; (iii) significant factual investigation is not necessary as plaintiff is likely is own main witness; (iv) the case is likely to turn on credibility determinations; (v) expert testimony will not be required; and (vi) plaintiff's inability to afford counsel is not significant under the circumstances presented.[2]

2. Prejudice will result to Defendant if an extension of time to amend is granted as facts become old, memories become stale and personnel changes occur which may impair Defendant's ability to get an accurate account of the facts in a case. Justice does not require additional time to be granted. The Court finds that allowing additional time for amendment

---

[1]*Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Boulware v. Battaglia*, 344 F. Supp. 889, 903 (D. Del. 1972).
[2] *Parham*, 126 F.3d at 457 (delineating the criteria under which an indigent litigant is entitled to have counsel appointed as developed in *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)).

of the complaint would create unnecessary delays for final resolution of this litigation.

NOW, THEREFORE, this 18th day of September, 2014:

1.      Plaintiff's Motion for Appointment of Counsel is hereby DENIED; and

2.      Plaintiff's Motion for Enlargement of Time to Amend the Complaint is hereby DENIED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____
**Honorable Andrea L. Rocanelli**